**Francisco MORA ROJAS; Petra Moreno De Mora, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 02–72446, 03–70579.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 15, 2004.

Luis Carlos Ayala, Esq., John Ayala, Cobos & Ayala, Alma Cobos–Ayala, Law

Offices of Cobos & Ayala, Los Angeles, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jacqueline Dryden, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Francisco Mora Rojas and his wife, Petra Moreno De Mora, natives and citizens of Mexico, have filed consolidated petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing their appeal from an immigration judge's ("IJ") denial of their applications for cancellation of removal, and denying their motion for reconsideration of this dismissal. We lack jurisdiction to review discretionary decisions that are simply recast in due process language, *Torres–Aguilar v. INS,* 246 F.3d 1267, 1270–71 (9th Cir.2001), and we dismiss the petitions for review.

We dismiss petitioners' contention that the BIA violated their due process rights by applying to their case the "exceptional and extremely unusual" hardship standard enunciated in *In re Monreal–Aguinaga,* 23

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

I. & N. Dec. 56 (BIA 2001), 2001 WL 534295, because the IJ denied cancellation before *Monreal–Aguinaga* was issued, when the hardship standard was not yet legally defined. This contention is foreclosed by *Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1006–07 (9th Cir.2003), and therefore does not raise a colorable due process challenge on these facts. *See Torres–Aguilar*, 246 F.3d at 1271 ("To be colorable ... the claim must have some possible validity.").

We need not consider whether petitioners established the requisite ten years of continuous physical presence because their failure to establish the requisite hardship is dispositive. *See* 8 U.S.C. § 1229(b)(1); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 889 (9th Cir.2003).

We lack jurisdiction over petitioners' ineffective assistance of counsel claim because they failed to administratively exhaust it before the BIA. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of their voluntary departure periods. Because the stay of removal was granted, the voluntary departure periods were also stayed, nunc pro tunc, to the filing of the motion for stay of removal and these stays will expire upon issuance of the mandate.

Petitioners' remaining contentions lack merit.

**PETITION FOR REVIEW DISMISSED.**